UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| Lisa Mason, <br><br>    Plaintiff, <br> v. <br><br> Envision Payment Solutions, Inc.; and DOES 1-10, inclusive, <br><br>    Defendants. | Civil Action No.: _____ <br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Lisa Mason, by undersigned counsel, states as follows:

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

4. The Plaintiff, Lisa Mason ("Plaintiff"), is an adult individual residing in Woodbine, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Envision Payment Solutions, Inc. ("Envision"), is a Georgia business entity with an address of 3039 Premiere Parkway, Suite 600, Duluth, Georgia 30097,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.  Does 1-10 (the "Collectors") are individual collectors employed by Envision and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Envision at all times acted by and through one or more of the Collectors.

**A. The Debt**

8.  The Plaintiff allegedly incurred a financial obligation in the amount of $35.00 (the "Debt") to Howard County Public Schools Systems (the "Creditor").

9.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Envision for collection, or Envision was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Envision Engages in Harassment and Abusive Tactics**

12. The Plaintiff allegedly incurred the Debt in a form of check cancellation fee.

13. The check cancellation fee resulted from a clerical error on behalf of the Creditor, when Creditor's bank tried to withdraw funds from an old, closed account that was not Plaintiff's.

14. The Creditor returned check to Plaintiff and charged Plaintiff for an alleged

balance due and check cancellation fee.

15. Upon learning of this incident, Plaintiff wrote and delivered a new check to Creditor, which was subsequently cashed by the Creditor.

16. Nonetheless, Creditor sent the alleged Debt to collections and Defendants attempted to collect from the Plaintiff.

17. Plaintiff explained to the Defendants that she did not owe the Debt and it was a clerical error on the Creditor's part.

18. Further, the Plaintiff's bank, via a three way conference call, verified to the Defendants that Creditor's bank had attempted to withdraw funds from an account that did not exist and was not Plaintiff's.

19. The bank representative also verified that the Plaintiff had sufficient funds in her account to cover the check at the time.

20. Nevertheless, the Defendants stated that they did not care that the Plaintiff satisfied her financial obligations, that there had been a bank error, and that Defendants would continue to call.

21. The Plaintiff informed the Defendants on December 13, 2010, that she was being represented by an attorney and requested that the Defendants cease placing calls to her and instead direct all communication to Plaintiff's attorneys. The Plaintiff continued to receive telephone calls from Defendants.

22. The Defendants were rude and hostile and used abusive language when speaking with the Plaintiff. After Plaintiff explained her situation, the Defendants stated: "I don't care, it's your debt and we will continue to call you, I'm going after you."

### C. Plaintiff Suffered Actual Damages

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

25. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692, *et seq.*

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

28. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

30. The Defendant contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

31. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

35. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

36. The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

37. The Defendants attempted to claim and enforce a right which the Defendants did not have a legal right to enforce or claim, in violation of MD. Code Comm. Law § 14-202(8).

38. The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 21, 2011

        Respectfully submitted,

        By  /s/ Forrest E. Mays_____

        Forrest E. Mays (Bar No. 07510)
        1783 Forest Drive, Suite 109
        Annapolis, MD  21401
        Telephone: (410) 267-6297
        Facsimile: (410) 267-6234
        Email: mayslaw@mac.com

        Of Counsel To
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250

Facsimile: (877) 795-3666
ATTORNEYS FOR PLAINTIFF